# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARTHA L. SMITH,** *etc.*, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 14-0549-WS-N |
| **THERMO KING CORPORATION,** | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on plaintiff's Application for Default Judgment (doc. 62) and defendant's Motion to File Answer Outside of Time (doc. 66).

Plaintiff, Martha L. Smith, brought this wrongful death action against Thermo King Corporation and various other defendants by filing a Complaint (doc. 1) in November 2014.[1] After Smith filed her First Amended Complaint, Thermo King filed an Answer (doc. 20) on January 30, 2015. Magistrate Judge Nelson entered a Scheduling Order (doc. 25) in February 2015, fixing various pretrial and trial deadlines, including a deadline of May 29, 2015 for motions to amend pleadings and a discovery cutoff date of October 15, 2015. In early November 2015, Judge Nelson extended the discovery cutoff through January 31, 2016 upon joint motion of the parties. (*See* docs. 41, 48.) Aside from that singular request to enlarge the discovery period, the parties do not appear to have enlisted the Magistrate Judge's aid as to any discovery or settlement issues during the lifespan of this litigation.

On December 23, 2015, Smith filed her second Motion to Amend Complaint (doc. 53) for the stated purpose of, *inter alia*, amending her claims against Thermo King to assert theories of defective design and manufacture pursuant to the Alabama Extended Manufacturer's Liability

---

[1] Plaintiff recently settled her claims against all defendants other than Thermo King. Pursuant to that *pro tanto* settlement, all claims against those other defendants were dismissed by Order (doc. 65) dated February 11, 2016, leaving Thermo King as the sole remaining defendant at this time.

Doctrine.  Although this Motion to Amend came nearly seven months after the deadline specified in the Scheduling Order, Thermo King did not object; therefore, the undersigned entered an Order (doc. 60) on January 13, 2016, granting the Motion to Amend Complaint as to Smith's proposed new claims against Thermo King.  On that basis, Smith filed her Second Amended Complaint (doc. 61) on January 15, 2016, advancing her new defective design / manufacture claims against Thermo King at Paragraphs 14(e) through 14(i).  By operation of Rule 15(a)(3), Fed.R.Civ.P., Thermo King's responsive pleading to the Second Amended Complaint was due on or before January 29, 2016; however, Thermo King failed to file an answer to this latest iteration of the Complaint in a timely manner.

On February 4, 2016, some six days after the Rule 15(a)(3) deadline for Thermo King's answer (and apparently with no prior discussion with Thermo King as to the untimeliness and whereabouts of that pleading),[2] Smith filed an Application for Default Judgment, seeking a default judgment against Thermo King as to the new claims asserted in Paragraphs 14(e) through 14(i).  The sole authority cited by Smith for the requested relief is Rule 55(b)(2), Fed.R.Civ.P.  Plaintiff reasons that entry of default judgment as to these newly pleaded claims is warranted because (i) "Thermo King has failed to answer Plaintiff's Second Amended Complaint," and (ii) "Thermo King's discovery responses are past due."  (Doc. 62, ¶ 5.)

By way of response, Thermo King filed a Motion to File Answer Outside of Time (doc. 66) on February 12, 2016, attaching as Exhibit C its proposed Answer to the Second Amended Complaint.  The Federal Rules of Civil Procedure provide that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect."  Rule 6(b)(1)(B), Fed.R.Civ.P.  Whether neglect is excusable is an equitable determination, "taking account of all relevant circumstances surrounding the party's omission."  *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed. 74 (1993); *see also Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007) ("The determination of what constitutes excusable neglect is generally an equitable one, taking into

---

[2] Thermo King's response to the Application includes a declaration by its counsel, who states, "I first realized that I had missed the required calendar date upon Plaintiff's filing of her Application for Default Judgment on February 4, 2016."  (Brown Decl. (doc. 66, Exh. B), at ¶ 5.)  Plaintiff has not challenged or contested this averment.

account the totality of the circumstances surrounding the party's omission."). Relevant considerations include, without limitation, "the danger of prejudice to the [other side], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. In applying these factors, the Eleventh Circuit has "accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

Upon consideration of the totality of the circumstances, the Court readily concludes that Thermo King has satisfied its burden of showing "excusable neglect" under Rule 6(b)(1)(B). Defendant explains that its failure to file a timely answer resulted from an accidental clerical omission in neglecting to calendar the deadline. (Brown Decl. (doc. 66, Exh. B), ¶ 4.) There is no indication and no reason to believe that Thermo King acted in bad faith with respect to the delayed filing of its answer. This sort of inadvertent mistake may qualify as excusable neglect. *See, e.g., Yang v. Bullock Financial Group, Inc.*, 435 Fed.Appx. 842, 843-44 (11th Cir. July 22, 2011) ("we recognize that untimely filing caused by inadvertence, mistake, or carelessness may still constitute 'excusable neglect'"). Moreover, the practical implications of Thermo King's oversight on the orderly, efficient progress of this litigation are so negligible as to be nonexistent. Thermo King had already appeared and defended in the action, including submission of an Answer to the First Amended Complaint. Neither trial dates nor other deadlines were jeopardized by Thermo King's untimely filing of an answer to what was, after all, a substantially out-of-time Second Amended Complaint (filed some seven months after the relevant Scheduling Order deadline). In any event, the duration of the delay was short, as a mere two weeks passed between the January 29 answer-due date and the February 12 Motion to File Answer Outside of Time. The interests of efficient judicial administration were not compromised by this modest slippage in defendant's responsive pleading to the Second Amended Complaint. Finally, and importantly, no conceivable prejudice accrued to Smith as a result of the brief delay between the due date for Thermo King's answer and defendant's Rule 6(b)(1)(B) Motion.[3]

---

[3] Comparison of Thermo King's Answer to the First Amended Complaint (doc. 20) filed in January 2015 with its proposed Answer to the Second Amended Complaint (doc. 66, Exh. C) reveals no substantive changes, new defenses, or other surprises that might adversely
(Continued)

For the foregoing reasons, defendant's Motion to File Answer Outside of Time (doc. 66) is **granted**. Thermo King's proposed Answer to Plaintiff's Second Amended Complaint will be accepted out of time pursuant to Rule 6(b)(1)(B). Thermo King having thus answered the Second Amended Complaint, plaintiff's Application for Default Judgment is **denied** insofar as it rests on a theory that "Thermo King has failed to answer Plaintiff's Second Amended Complaint." (Doc. 62, ¶ 5.)

That leaves only the question of whether Smith's Application for Default Judgment should be granted on the basis of Thermo King's inattentiveness to discovery obligations. In the Application, Smith bemoans the facts that "Thermo King's discovery responses are past due" and that Thermo King has not yet provided a date for a Rule 30(b)(6) deposition. (Doc. 62, ¶¶ 5-6.) In her Reply, Smith elaborates on her list of grievances by indicating that Thermo King still has not tendered its expert witness report, has declined to participate in settlement negotiations, has routinely failed to follow up in scheduling discovery matters, and so on. (Doc. 67, at 2-4.) In sum, Smith's position is that default judgment should be entered because Thermo King's actions "have not indicated that it has any desire to defend this case on the merits" and are part of a calculated plan "to delay the resolution of this case by trial or otherwise." (*Id.* at 4.)

Based on the facts and information before the Court at this time, defendant's responsiveness and cooperativeness in this litigation do not appear to have been exemplary. Under the circumstances, plaintiff's frustration is understandable. The fundamental problem with Smith's attempt to parlay such frustration into a default judgment, however, is that plaintiff

---

affect Smith's ability to conduct discovery and prepare for trial. To the contrary, as Thermo King points out, "other than addressing the numerical and semantic changes throughout Plaintiff's Second Amended Complaint, this Answer does not differ from Thermo King's Answer to Plaintiff's First Amended Complaint." (Doc. 66, at 3.) To be sure, in her Reply, Smith insists that she "has been prejudiced by Thermo-King Corporation's failure to actively litigate this matter." (Doc. 67, at 1.) But that is a different question. The relevant inquiry under Rule 6(b)(1)(B) with respect to Thermo King's Motion to File Outside of Time is whether Smith was prejudiced by the delay in defendant's filing of an answer. No credible argument has been or could be made that such prejudice exists. Indeed, plaintiff admits in her Reply that Thermo King's articulated defense strategy "is no surprise." (Doc. 67, at 4.) Whether she has been prejudiced by discovery-related foot-dragging or general non-responsiveness by Thermo King in this litigation is a separate query that does not favor denial of defendant's request to file an out-of-time Answer to the Second Amended Complaint.

has heretofore taken no steps to utilize available mechanisms to correct the behavior. If defendant is missing discovery deadlines and somehow, as Smith puts it, "depriv[ing] Plaintiff from discovering further proof of her claim" (doc. 67, at 4), then Smith's first recourse (after the good-faith conference required by Civil L.R. 37) is to file a motion to compel and/or a motion for sanctions pursuant to Rule 37. If defendant is equivocating on its willingness to participate in settlement negotiations, then Smith may request a telephone conference with the Magistrate Judge to address the issue. What is not appropriate is for plaintiff to skip over these and other available lesser, incremental remedies and rush straight to the "nuclear option" of moving for default judgment.[4] In short, this Court will not enter default judgment against Thermo King at this time as a sanction for the complained-of "pattern of missed deadlines, delayed discovery, and non-communication" (doc. 67, at 4) because (i) plaintiff appears never to have sought judicial intervention in the matter until now, and (ii) plaintiff has failed to demonstrate that lesser sanctions would be futile or ineffectual.

For all of the foregoing reasons, plaintiff's Application for Default Judgment (doc. 62) is **denied** and Thermo King's Motion to File Answer Outside of Time (doc. 66) is **granted**. Pursuant to Section II.A.6. of this District Court's Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means, Thermo King is **ordered**, on or before **February 25, 2016**, to file as a freestanding pleading its Answer to Plaintiff's Second Amended Complaint, in substantially the same form as the proposed pleading appended to the Motion as Exhibit C.

DONE and ORDERED this 18th day of February, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] After all, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) ("Because of our strong policy of determining cases on their merits, however, default judgments are generally disfavored.") (citation and internal quotation marks omitted).